UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARRY E. MERRITT,

     Applicant,

v.                                    CASE NO. 8:20-cv-3109-SDM-AEP

SECRETARY, Department of Corrections,

     Respondent.

_____/

**<u>ORDER</u>**

     Merritt applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for burglary of a dwelling with an assault or battery with a dangerous weapon (count one), attempted first degree murder (count two), and robbery with a weapon (count three), for which he is imprisoned for life.  The respondent moves (Doc. 24) to dismiss for lack of jurisdiction and argues that this action is barred as an unauthorized second or successive application, which bar Merritt contends is inapplicable because he was re-sentenced after the earlier federal action and is now imprisoned under a new judgment.  Merritt is barred from pursuing this "second or successive" application because he is not imprisoned under a new judgment.

     In 1996 a jury convicted Merritt of each charge, and he was sentenced to concurrent terms of life imprisonment on each count.  In 1998 the convictions and sentences were affirmed.  (Respondent's Exhibits 2, 3, and 6)  In 2004 Merritt successfully challenged the life sentence for count two (attempted murder) and was

re-sentenced to thirty years imprisonment.  (Respondent's Exhibit 8)  In 2005 Merritt again successfully challenged the sentence for count two and in 2006 he was re-sentenced to thirty years, still concurrent with the two life sentences for counts one and three.  (Respondent's Exhibit 13)  In 2008 Merritt applied under Section 2254 for the writ of habeas corpus, which was denied in 2011.  *Merritt v. Sec'y, Dep't of Corr.*, 8:08-cv-407-JDW-TGW.  (Respondent's Exhibits 18 and 19)  Merritt filed no appeal.

In 2012 Merritt again successfully challenged the sentence for count two and he was re-sentenced to eleven years, still concurrent with the two life sentences for counts one and three.  (Respondent's Exhibit 21)  Merritt contends that the re-sentencing resulted in a new judgment and, as a consequence, this action is not barred as second or successive.

Merritt argues that under *Magwood v. Patterson*, 561 U.S. 320 (2010), he is now confined under a new judgment based on the 2012 re-sentencing.  *Magwood* involved a challenge to a second sentence of death after a successful challenge to the constitutionality of the first sentence of death and established the principle that a new judgment precludes application of the "second or successive" bar under Section 2244(b).  "[W]e conclude that Magwood's first application challenging his new sentence under the 1986 judgment is not 'second or successive' under § 2244(b)." *Magwood*, 561 U.S. at 342.  However, *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326–27 (11th Cir. 2017) (*en banc*), explains why *Magwood* is inapposite (italics for emphasis original):

> The relevant question is not the magnitude of the change, but the issuance of a new judgment *authorizing* the prisoner's confinement.

> [*Magwood*] at 332, 130 S. Ct. 2788. The state court did not issue a
> new judgment authorizing Patterson's confinement when it
> granted Patterson's motion to correct his sentence. And the 1998
> judgment remains the only order that commands the Secretary to
> imprison Patterson.

Consequently, an applicant under Section 2254(a) may challenge only the state-court judgment "pursuant to" which he is held "in custody," and under this restriction the only "judgment that matters for purposes of [the limitation under] Section 2244 is 'the judgment authorizing the prisoner's confinement.' " *Patterson*, 849 F.3d at 1325 (quoting *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)).  *See also Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007) (addressing what constitutes a judgment for purposes of § 2244(d)(1)(A) and explaining that "the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the [applicant] in confinement").

Merritt's 2012 judgment (Respondent's Exhibit 22) has four special notations, specifically, (1) the top of the page is marked "AMENDED;" (2) the top of the page has a handwritten notation that reads "Resentencing, set aside sentence of 3/15/06 as to ct. 2 only;" (3) counts one and three are "blacked-out" leaving only count two readable; and (4) the middle of the page has a handwritten notation that reads "cts 1 + 3 previously sentenced 18-Sep-1996."  In other words, the 2012 amended judgment is limited to only count two.

More importantly, as stated above, the only "judgment that matters for purposes of [the limitation under] Section 2244 is 'the judgment authorizing the prisoner's confinement.' " *Patterson*, 849 F.3d at 1325.  Under the 2012 amended judgment,

Merritt was sentenced to eleven years imprisonment for count two.  Because he was imprisoned since 1996, Merritt had already served move than the eleven years toward all three sentences when the 2012 amended judgment was entered.  As a consequence, the eleven-year term of imprisonment under count two was complete when imposed, the 2012 judgment on count two was not a "new" judgment but an "amended" judgment applied *nunc pro tunc* to the original sentencing, and the only judgment that now authorizes Merritt's imprisonment is the original judgment entered in 1996 for counts one and three, which still imprisons Merritt for life.  *See Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1267 (11th Cir. 2020) ("[B]ecause the correction to the sentence was imposed *nunc pro tunc*, under Florida law the 2014 amended sentence related back to the date of the initial judgment and was not a 'new judgment' for purposes of § 2244.").  For these reasons, the cases Merritt cites in his reply (Doc. 25) are inapposite.

The present application is second or successive because the application challenges the same state court judgment entered in 1996 that was challenged in the earlier action.  *Magwood v. Patterson*, 561 U.S. 320, 338–39 (2010) (explaining that an application under Section 2254 addressing a state court judgment that was challenged in an earlier application under Section 2254 is successive).  As a consequence, Merritt must comply with Section 2244(b)(3)(A), which requires that "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1]

The district court lacks jurisdiction to review Merritt's application unless the Eleventh Circuit Court of Appeals grants Merritt permission to file a second or successive application. *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). *Accord Hubbard v. Campbell*, 379 F.3d 1245, 1246–47 (11th Cir. 2004) (finding that a district court lacks subject matter jurisdiction to review a second or successive application if an applicant lacks the authorization from the circuit court required under Section 2244(b)(3)(A)); *Young v. Sec'y, Fla. Dep't of Corr.*, 697 F. App'x 660, 661 (11th Cir. 2017)[2] ("In order to file a second or successive habeas corpus petition, a state prisoner must 'move in the appropriate court of appeals for an order authorizing the district court to consider the [petition].' 28 U.S.C. § 2244(b)(3)(A). Otherwise, a district court lacks jurisdiction to consider the petition and is required to dismiss it.") (brackets original).

* * * *

---

[1] Merritt's application alleges four grounds for relief. Because he was no longer "in custody" under count two when he filed the present application, Merritt cannot challenge the sentence imposed for count two. Under Sections 2244(b)(2) and (3)(A), Merritt must convince the circuit court of his entitlement to proceed with a second or successive application based on his alleged newly discovered evidence before he can proceed in the district court with a challenge to counts one and three.

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

Generally, an applicant cannot appeal a district court's denial of relief under Section 2254 unless either the district court or the circuit court issues a certificate of appealability ("COA").  However, as *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007), explains, a COA cannot issue in this action because the district court cannot entertain the application to review the unauthorized second or successive application:

> Because he was attempting to relitigate previous claims that challenge the validity of his conviction, Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.

*See United States v. Robinson*, 579 F. App'x 739, 741 n.1 (11th Cir. 2014) (applying *Williams* in determining that the district court lacked jurisdiction because the motion under Rule 60(b), Federal Rules of Civil Procedure, was actually an impermissible second or successive motion under Section 2255 and, as a consequence, "a COA was not required to appeal the denial of the motion").

The motion (Doc. 24) to dismiss for lack of jurisdiction is **GRANTED**.  The application for the writ of habeas corpus (Doc. 1) is **DISMISSED** as an unauthorized second or successive application.  The clerk must close this case.

ORDERED in Tampa, Florida, on January 22, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 6 -